UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| ALBERT CHATMON, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | FILE NO. _____ |
| v. | ) | |
| | ) | |
| BLUELINX CORPORATION, | ) | |
| | ) | **JURY TRIAL REQUESTED** |
| Defendant. | ) | |

# COMPLAINT

Plaintiff Albert Chatmon ("Mr. Chatmon" or "Plaintiff") files the following Complaint against BlueLinx Corporation ("BlueLinx" or "Defendant").

## Introduction

1.

This is an action for both interference and retaliation in violation of Plaintiff's rights under the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 *et seq*.

## Jurisdiction and Venue

2.

This Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4).

3.

Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because the unlawful actions and practices were committed within the Northern District of Georgia.

## The Parties

4.

Mr. Chatmon is a citizen of the United States and a resident of the State of Georgia. Mr. Chatmon subjects himself to the jurisdiction of this Court.

5.

Mr. Chatmon is an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*. in that he had been employed with BlueLinx for more than 12 months and worked more than 1250 hours in the 12 months preceding his serious health condition.

6.

BlueLinx is a corporation doing business in the State of Georgia and is, therefore, subject to personal jurisdiction in Georgia.

7.

BlueLinx is an "employer" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*.

8.

BlueLinx has had more than fifty (50) employees within a seventy-five (75) mile radius in each of twenty (20) or more consecutive calendar weeks in the current or preceding year within the meaning of 29 U.S.C. § 2601 *et seq*.

9.

BlueLinx Corporation may be served with process through its registered agent for service of process, CT Corporation System, 1201 Peachtree Street, N.E., Atlanta, Georgia 30361.

**The Facts**

10.

Mr. Chatmon was employed with BlueLinx as a Driver from March 2002 through his termination on April 4, 2010.

11.

On April 4, 2010, a Sunday, Mr. Chatmon called BlueLinx at 10:30 p.m. and left a voicemail that he had a severe case of gout and could not walk.

12.

At 4:30 a.m. on Monday, April 5, 2010, Mr. Chatmon called and spoke with the Morning Dispatcher and Transportation Supervisor, Mr. Woods, and informed

him about the severe case of gout and told him that he was trying to get a doctor's appointment.

13.

When Mr. Chatmon spoke with his doctor later that day, he was told that the doctor would not be able to see him until Wednesday, April 7, 2010.

14.

Mr. Chatmon was able to pick up a prescription on Monday, but the medication made him drowsy and he was not permitted to drive while taking the medication.

15.

Mr. Chatmon called and spoke with the Evening Dispatcher on Monday evening and told her that he would not be able to see the doctor until Wednesday.

16.

He also told the Evening Dispatcher that he could not drive on the prescribed medication.

17.

The Evening Dispatcher said that she would leave a message for Michael on Mr. Chatmon's behalf.

18.

She also told Mr. Chatmon not to worry about it because he was not scheduled for a run on Tuesday.

19.

On Wednesday morning, Mr. Chatmon called the dispatch number and got no answer.

20.

He then called Human Resources Manager Marie Taylor and left a voicemail that he would call her after his doctor's appointment and fax her the doctor's excuse.

21.

When Mr. Chatmon got out of his doctor's appointment, he actually reached Ms. Taylor by telephone and told her that he was faxing her his paperwork.

22.

She told him that it was fine.

23.

Ms. Taylor then called Mr. Chatmon back later that day and told him she received his fax.

24.

In the same conversation, Ms. Taylor told Mr. Chatmon that he would be receiving a certified letter in the mail because he was being terminated for missing work.

25.

Mr. Chatmon had never had any attendance issues in his eight years of employment with BlueLinx.

26.

He received no verbal warning, no written warning, and no 30-day suspension based on his health related absence.

27.

Ms. Taylor, a Human Resources Manager, should have provided Mr. Chatmon with FMLA paperwork, but never even bothered to tell him that he was entitled to FMLA.

28.

Instead, Ms. Taylor summarily terminated Mr. Chatmon's employment in violation of federal law.

29.

Ms. Taylor did tell Mr. Chatmon that he could speak with David Ouimitte, the Branch Manager.

30.

Mr. Chatmon spoke with Mr. Ouimette on April 12, 2010, at which time Mr. Ouimette, in violation of the FMLA, told Mr. Chatmon that "the situation stands as it is, I have a big company to run."

## COUNT I
## Interference with FMLA Leave

31.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

32.

Mr. Chatmon was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11), 29 C.F.R. 825.114.

33.

By terminating Mr. Chatmon's employment on April 7, 2010 and not returning Ms. Chatmon to the same or an equivalent position when he was released

to return to work, BlueLinx prevented Mr. Chatmon from exercising the rights provided to him under the FMLA.

34.

BlueLinx's actions in interfering with Mr. Chatmon's rights under the FMLA were committed with reckless disregard for his right to take up to 12 work weeks of leave time for a serious health condition, his right to job restoration, and violated the FMLA, 29 U.S.C. § 2615(a)(1).

35.

The effect of BlueLinx's actions has been to deprive Mr. Chatmon of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due him because of his right to leave under the FMLA.

36.

As a result, Mr. Chatmon is entitled to both equitable and monetary relief for BlueLinx's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

37.

Mr. Chatmon is also entitled to liquidated damages for BlueLinx's violation of his rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because BlueLinx's actions in failing to return him to work were willful violations of the FMLA.

## COUNT II
## Retaliation for Exercise of FMLA Rights

38.

Plaintiff incorporates by reference all of the preceding paragraphs of the Complaint.

39.

Mr. Chatmon was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 U.S.C. § 2611(11), 29 C.F.R. § 825.114.

40.

By terminating Mr. Chatmon's employment, BlueLinx retaliated against Mr. Chatmon for exercising his right to take medical leave for a serious health condition as provided by the FMLA.

41.

BlueLinx's actions in retaliating against Mr. Chatmon for exercising his rights under the FMLA were committed with reckless disregard for his right to be

free from discriminatory treatment for exercising his rights under the FMLA, specifically 29 U.S.C. § 2615(a)(1)(2).

42.

The effect of BlueLinx's actions has been to deprive Mr. Chatmon of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due him because of his exercise of his rights under the FMLA.

43.

As a result, Mr. Chatmon is entitled to both equitable and monetary relief for BlueLinx's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

44.

Mr. Chatmon is also entitled to liquidated damages for BlueLinx's violation of his rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because BlueLinx's actions in terminating his employment were willful violations of the FMLA.

### **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands a TRIAL BY JURY and requests the following relief:

(a) a declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the FMLA;

(b) an injunction prohibiting Defendant from engaging in unlawful employment practices in violation of the FMLA;

(c) full back pay from the date of Plaintiff's termination, taking into account all raises to which Plaintiff would have been entitled but for his unlawful termination, and all fringe benefits of employment, with prejudgment interest thereon;

(d) liquidated damages pursuant to 29 U.S.C. § 2617;

(e) reinstatement to Plaintiff's former position with Defendant, or in the alternative, front pay to compensate Plaintiff for lost future wages and benefits;

(f) reasonable attorneys' fees and costs; and

(g) other and further relief as the Court deems just and proper.

Respectfully submitted this 27th day of September, 2011.

> s/ Cheryl B. Legare
> Edward D. Buckley
> Georgia Bar No. 092750
> edbuckley@buckleyklein.com
> Dena G. George
> Georgia Bar No. 297337
> dggeorge@buckleyklein.com
> Cheryl B. Legare
> Georgia Bar No. 038553
> cblegare@buckleyklein.com

BUCKLEY & KLEIN, LLP
Promenade II, Suite 900
1230 Peachtree Street NE
Atlanta, GA  30309
Telephone:  (404) 781-1100
Facsimile:   (404) 781-1101

Attorneys for Plaintiff